ALFONSO CARRANZA
E-30803, 3N-96 LOW
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974
IN PRO SE

FILED

08 JUN 18 PM 2:47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

E-filing

| | |
|---|---|
| ALFONSO CARRANZA,<br><br>         Petitioner,<br><br>v.<br><br>ROBERT L. AYERS, Warden,<br><br>         Respondent. | No. C 08-2511 PJH  (PR)<br><br>PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR STAY PENDING THE ISSUANCE OF MANDATE IN HAYWARD V. MARSHALL<br><br>Judge: The Honorable<br>       Phyllis J. Hamilton |

On June 10, 2008, Respondent filed a request for a stay pending the issuance of the mandate in Hayward v. Marshall. Respondent argues that the interest of judicial economy and fairness requires a stay in this case. Respondent's argument fails to account for the irreparable harm that will be suffered by Petitioner Carranza.

Petitioner has programmed exceptionally for his entire 21 years in custody (2 years in federal custody and 19 years in state custody).

Petitioner maintains that his continued custody beyond his rightful release date is a day that he is deprived of his liberty interest. There is no remedy that can adequately address this loss, thus any delay of the proceedings would be manifestly unfair to Petitioner Carranza.

As noted by Respondent, a trial court has the discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for the court's docket

Opp. to Stay

1

Carranza v. Ayers
C 08-2511 PJH

and fairest course for the parties." Leyva v. Certified Grocers of Cal., 593 F.2d 857, 863-864 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1109, 1111 (9th Cir. 2005).

In requesting a stay of the proceedings, Respondent argues that efficiency and judicial economy weigh in favor of a stay, because of the potential uncertain outcome of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008). However, Respondent fails to cite any case law that supports a District Court staying proceedings pending a Circuit Court mandate. Furthermore, Respondent fails to fully acknowledge the potential irreparable harm suffered by Carranza with the loss of his rightful liberty during the stayed proceedings, especially in light of the strength of his case. Based upon these factors, Carranza respectfully asks this Court to deny Respondent's request for a stay.

In assessing the potential harm, the Court must consider Carranza's likelihood of success given the current state of law as this is critical to the issue of fairness. Carranza contends that the current state decisions are important in assessing the state of law. In the past few months, the California state courts have acknowledged that the deferential some evidence standard must be reconciled with the inmates' liberty interest and the central statutory scheme which focuses on whether the inmate would currently pose a danger to society if released on parole. See In re Singler, 161 Cal.App.4th 281 (2008); In re Burdan, 161 Cal.App.4th 14 (2008); In re Viray, 161 Cal.App.4th 1405 (2008). [See also, unpublished cases: In re Thompkins 2008 WL 2175263, (Cal.App.4 Dist. May 27, 2008)(NO. D050679); In re Sousa, 2008 WL 2175259,

Opp. to Stay                                                         Carranza v. Ayers
                                                                     C 08-2511 PJH

(Cal.App. 6 Dist. May 27, 2008)(NO. H030913); In re Vasquez, 2008 WL 1765492, (Cal.App.4th Dist. Apr 18, 2008)(NO. D051015).] The need to reconcile the interest was also recognized by the Ninth Circuit in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008).

In reconciling the interest, both the state and federal courts have agreed that the appropriate inquiry of some evidence focuses not on whether a reason given by the BPH or the Governor finds evidentiary support, but instead on whether the evidence supports the conclusion that the prisoner's release currently poses an unreasonable risk of danger to the public. See Id.; Singler, 161 Cal.App.4th 281; Burdan, 161 Cal.App.4th 14; Viray, 161 Cal.App.4th 1405; see also, In re Tripp, 150 Cal.App.4th 306, 313 (2007); In re Barker, 151 Cal.App.4th 346, 366 (2007).

The procedural background of the Singler case underscores the significant of the acknowledged "some evidence" standard at the state level. In Singler, the Court of Appeal explained:

> The California Supreme Court granted Singler's petition for review and transferred the matter to this court, with directions to vacate our denial of the petition and to order the Board to show cause why it "did not abuse its discretion and violate due process in finding petitioner unsuitable for parole in June 2006, and why petitioner remains a danger to public safety. [Citations]."
> .... The Supreme Court's order - signed by the author of In re Rosenkrantz, supra, 29 Cal.4th 616 and five other members of the court (only Justice Baxter did not endorse the order) - indicates to us the Supreme Court has endorsed subsequent Court of Appeal decisions that give courts greater leeway in reviewing the Board's determination that an inmate remains a danger to public safety. No longer giving the Board the deference to which we thought it was entitled (In re Rosenkrantz, supra, 29 Cal.4th at pp. 655, 677. 679), we must now conclude that its decision finding Singler unsuitable for parole is not supported by the evidence presented at the time of the hearing.

Singler at 282.

As set forth above, the Singler court recognized the California Supreme Court's intent to give courts more extensive review of the executive branch's

Opp. to Stay

Carranza v. Ayers
C 08-2511 PJH

denial of parole to state prisoners. In applying the same standard, <u>Hayward</u> mirrors the state's interpretation of due process with regard to the state law. Both <u>Hayward</u> and the state court decisions reflect interpretations of existing law, and Petitioner contends that he is entitled to relief under the "some evidence" standard reflected in these decisions. Indeed, Petitioner contends that the current state of the law bolsters his likelihood to success and weighs toward granting the habeas petition.

In addition, <u>Singler</u> and <u>Hayward</u>, have also acknowledged the due process violation based upon the executive branch's continued reliance upon immutable factors in denying parole. In <u>Singler</u>, the court concluded, "[a]s we now understand the test apparently embraced by the California Supreme Court, a court may overturn the Board's denial of parole based solely on the nature of the commitment offense if (1) a significant period of time has passed since the crime, (2) there is uncontroverted evidence of the inmate's rehabilitation, and (3) the crime was not committed in such an especially heinous, atrocious, or cruel manner so as to undermine the evidence that the inmate's rehabilitative efforts demonstrate he no longer would be a danger to society if released on parole." <u>Singler</u>, at 301. In applying this standard, the <u>Singler</u> court found that a significant amount of time (nearly 25 years) had passed, the other suitability factors favored parole, and the facts of the crime were not so "'especially heinous, atrocious or cruel' [citation] as to undermine the evidence that his rehabilitative efforts demonstrated he no longer would be a danger to public safety if released on parole." <u>Id</u>. Accordingly, the <u>Singler</u> court granted habeas relief and ordered the conditional release of petitioner. Again, the <u>Hayward</u> decision generally mirrors the <u>Singler</u> court's analysis in finding a due process violation with the executive branch's continued reliance upon immutable factors in denying parole. See <u>Hayward</u>, at 546-547.

Opp. to Stay

4

<u>Carranza v. Ayers</u>
C 08-2511 PJH

Petitioner contends that the continued use of the commitment offense in his case violated due process.

Finally, Petitioner asserts that there is no adequate remedy for each day that he remains in state custody beyond his rightful day of release. Indeed, the loss of his liberty represents a profound irreparable harm. Each day that Petitioner spends in state custody is lost forever. Therefore, fundamental fairness demands that this Court grant the petition for writ of habeas corpus. As for judicial economy, Respondent should focus on fixing the problem created by the Board of Parole Hearings and Governor, which derived from the sub rosa policy of deeming every commitment offense as "exceptionally callous" in order to deny parole. (See. e.g., Mike Ngo on Habeas Corpus, Superior Court of Santa Clara, No. 127611, August 30, 2007.) By de facto, Respondent is aiding and abetting the civil right violations of a class of inmates by defending the illegal policy (commonly known as the "Pine Box policy") of resentencing nearly all of them to life without the possibility of parole. (Cal. Penal Code § 190.2.) Having to defend the Board and Governor in every case is a waste of resources. The Governor never uses he authority to reverse a Board's decision to deny parole but "normally" does when the Board grants parole. (Cal. Penal Code § 3041.)

In sum, this Court should grant the petition based upon the merits, and grant further relief as it the interest of justice based on the irreparable harm to Petitioner.

Dated: June 15, 2008

Respectfully submitted,

*Alfonso Carranza* (signature)
Alfonso Carranza

Petitioner in Pro Se

Opp. to Stay

Carranza v. Ayers
C 08-2511 PJH

5

## DECLARATION OF SERVICE BY MAIL

Case No: Alfonso Carranza v. Robert Ayers
Case Number: C 08-2511 PJH
United States District Court, Northern District of California

I, Hector Oropeza, the undersigned, declare:

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No.: H-24646, Housing: 4N-92 up
San Quentin State Prison
San Quentin, CA 94974

On June 16, 2008, I served the following document[s]:
PETITIONER'S OPPOSITION TO RESPONDENT'S REQUEST FOR STAY PENDING THE ISSUANCE OF MANDATE IN HAYWARD V. MARSHALL

on the parties and at the addresses described by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to California Department of Corrections and Rehabilitation staff mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison:

> EDMUND G. BROWN JR.
> ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
> 455 GOLDEN GATE AVENUE, SUITE 11000
> SAN FRANCISCO, CA 94102-7004

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on the 16th day of June, 2008, at San Quentin, California, County of Marin.

Signature of declarant

ALFONSO CARRANZA
E-30805 1301-4W LOW
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

JUN 17 2008

LEGAL MAIL

PJH

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO, CA 94102